IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
February 27, 2026

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**BLACK STAR TRADING COMPANY, LLC,**
**Plaintiff Below, Petitioner**

**v.) No. 25-ICA-267**    (Cir. Ct. of Harrison Cnty. Case No. CC-17-2024-C-96)

**JOHN DAVIS MILLER,**
**Defendant Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Black Star Trading Company, LLC ("Black Star") appeals the Circuit Court of Harrison County's May 28, 2025, order denying Black Star's amended motion to appoint a special commissioner to sell real estate belonging to Respondent John Davis Miller. Mr. Miller filed a summary response in support of the circuit court's decision.[1] Black Star filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 18, 2024, Black Star filed a complaint in circuit court seeking to recover approximately $97,864.65 from Mr. Miller based on claims of breach of contract, conversion, and unjust enrichment. Mr. Miller was served on June 24, 2024, but did not file an answer or otherwise respond to the complaint. On July 26, 2024, Black Star filed a motion for default judgment, and the circuit court granted that motion by order entered on July 30, 2024. The court awarded Black Star judgment against Mr. Miller in the amount of $97,864.65.[2]

Thereafter, Black Star attempted to collect on the judgment. These efforts included obtaining $237.90 from Mr. Miller's existing deposit accounts, and the sheriff serving Mr.

---

[1] Black Star is represented by Samuel H. Simon, Esq., and Brian D. Lipkin, Esq. Mr. Miller is self-represented.

[2] Mr. Miller filed a motion to set aside default judgment on November 25, 2024. The circuit court entered an order denying this motion on December 12, 2024, which Mr. Miller did not appeal.

Miller with a writ of execution from which no property could be identified to satisfy the judgment. Thereafter, on February 10, 2025, Black Star filed its underlying motion to appoint a special commissioner for the purpose of selling certain real property of Mr. Miller to satisfy the debt. On May 12, 2025, the circuit court entered an order setting Black Star's motion for hearing on May 21, 2025, at 2:00 p.m.

The circuit court convened the hearing as scheduled, but counsel for Black Star did not appear. Thereafter, without addressing the merits of Black Star's motion, and relying principally on the nonappearance by Black Star's counsel, the circuit court denied the motion by order entered on May 28, 2025. As part of that order, the court directed that the case was to remain closed and removed from the court's active docket. On May 30, 2025, Black Star filed a motion asking the circuit court to set aside or reconsider the May 28, 2025, order. In support, Black Star contended that despite receiving all the other electronic filings in this case, for unknown reasons, its counsel did not receive a notice from the court's e-filing system with a copy of the court's May 12, 2025, order setting the matter for hearing. Black Star requested that the case be reinstated to the active docket and a new hearing be scheduled. While the motion was pending before the circuit court, in an effort to preserve its appellate rights, Black Star filed its notice of appeal of the May 28, 2025, order with this Court on June 27, 2025.

On November 7, 2025, this Court, on its own motion, entered an order holding the appeal in abeyance, and remanding the case to circuit court for the limited purpose of the court ruling on Black Star's pending motion. The circuit court heard the motion on December 9, 2025, and on December 18, 2025, entered an order formally denying Black Star's motion to set aside the circuit court's May 28, 2025, order.[3] Relevant here, the court's order clarified two points from its ruling on May 28, 2025, order. First, the circuit court explained that the prior order's language stating that the case would remain closed did not foreclose the filing of post-judgment motions, but rather, reiterated that the case had been removed from the active docket and closed for the court's statistical purposes since default judgment was entered in July 2024. Second, the court noted that its prior order did not deny Black Star's motion with prejudice and, thus, Black Star was not precluded from refiling its motion for the court's consideration. With the factual and procedural history of this case firmly in hand, we will proceed to the matter sub judice.

In this appeal, we apply the following standard of review:

In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final

---

[3] This Court entered an order on December 29, 2025, lifting the abeyance and supplementing the record with the circuit court's December 18, 2025, order denying Black Star's motion. However, the December 18, 2025, order is not before us on appeal. Thus, our references to that ruling in this decision are for contextual purposes only.

2

order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n,* 201 W. Va. 108, 492 S.E.2d 167 (1997).

In its single assignment of error, Black Star contends that it established good cause to set aside the circuit court's May 28, 2025, order, and, thus, the court erred in refusing to reconsider its decision and grant Black Star relief. We decline to address this argument. As previously noted, although the Court supplemented the record with the December 18, 2025, order, the merits of that decision are not the subject of this appeal. Thus, Black Star's suggestion in its appellate brief that the Court should find that good cause exists to grant the motion and set aside the circuit court's prior order is outside the scope of this appeal and will not be considered.

Rather, the substantive issue before the Court is whether there is error within the four corners of the circuit court's May 28, 2025, order. Thus, to the extent Black Star challenges the merits of that decision, we find no error. Critically, there is no language in the May 28, 2025, order precluding the filing of future post-judgment motions and, more importantly, the court's order did not deny Black Star's motion with prejudice. Because Black Star is not precluded from refiling its motion, it cannot establish prejudice as a result of the court's decision. Therefore, we affirm the circuit court's May 28, 2025, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** February 27, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White